## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DENNIS McGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  1:17-cv-1928- |
| | ) | |
| CAMPING WORLD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  NATURE OF THE CASE

1.      This is an employment discrimination action brought by Plaintiff, Dennis McGee

("McGee" and/or "Plaintiff"), against his former employer, Defendant, Camping World, Inc.

("Defendant" or "Camping World"), for unlawfully discriminating against him on the basis of his

disability in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*,

as amended.  McGee also sues Camping World for age discrimination, in violation of the Age

Discrimination in Employment Act of 1967 (hereinafter "ADEA"), as amended, 29 U.S.C. § 621 *et

seq*.

### II.  PARTIES

2.      McGee is a citizen of the United States.  At all time relevant to this lawsuit McGee

has resided in Spiceland, Indiana, within the geographic boundaries of the Southern District of

Indiana.

3.      Camping World is foreign, for-profit, corporation, and, at all times relevant to this

action, has maintained facilities and conducted business within the geographic boundaries of the

Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 626(c), and 42 U.S.C. §12117.

5.      Camping World is an "employer" as defined by 29 U.S.C. § 630(b) and 42 U.S.C. § 12111(5)(A), as amended.

6.      McGee is an "employee" as defined by 29 U.S.C. § 626(c), and 42 U.S.C. § 12111(4).

7.      McGee satisfied his obligation to exhaust administrative remedies, having timely filed EEOC Charge No. 470-2016-02354, alleging age and disability discrimination, receiving the appropriate Notice of Right to Sue on April 6, 2017, and timely filing this action less than ninety days following his receipt of said notice.

8.      All of the events, transactions, and occurrences relevant to this action occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391..

### IV. FACTUAL ALLEGATIONS

9.      McGee is a 64-year-old man, who began his employment with Camping World as a Sales Representative in the Camping Wood's Greenwood, Indiana store.  At all times relevant to this charge, McGee has met or exceeded Camping World's legitimate job performance expectations.

10.      In 2012, as the result of a non-work-related injury, McGee's left leg was amputated. McGee was unable to get in and out of the Respondent's Campers and RVs, and was therefore unable to continue as a Sales Representative.

11.      However, McGee's General Manager at the time, Jeff Nickell ("Nickell")(57 years old, currently Regional Vice President), promoted McGee to the position of Sales Manager.  In the position of Sales Manager, McGee was not required to get in and out of campers and RVs, and was

able to perform all the essential functions of the job.

12.      McGee performed the job of Sales Manager quite successfully until April 1, 2015.

13.      In early 2015, Camping World bought the Tom Raper RV business in Richmond, Indiana.  Nickell transferred McGee to the new Richmond location as Sales Manager, under the same terms and conditions he had enjoyed at Greenwood, including compensation of a 2.5% commission on gross sales and finance revenues.

14.      McGee's new manager at Richmond was General Manager Mike Halcomb ("Halcomb")(approximately 40 years of age), who had formerly been the Sales Manager at Richmond before the sale to Camping World.

15.      Beginning almost immediately, Halcomb began to harass McGee.  This harassment included, but was not limited to, holding meetings of the Sales Staff, which McGee would ordinarily be expected to attend, on the second floor of the office.

16.      The office had no elevator, and McGee was physically unable to climb the stairs to the second floor.  As a result, McGee was unable to attend the Sales meetings.  There were facilities available for the meeting on the first floor, which would have allowed McGee to attend.

17.      Shortly after Camping World purchased the Richmond store, the company began a complete remodeling of the Richmond offices.  Despite McGee's obvious handicap – and in contravention of the Americans With Disabilities Act ("ADA"), Camping World did not install an elevator, escalator, or chair lift to allow McGee (or other disabled individuals) to reach the second floor.

18.      Additionally, Camping World installed a permanently mounted desk immediately inside the door into the Sales office, where McGee worked.  The location of the desk (which was never occupied) made access to the office extremely difficult for McGee.

19.     In January 2016, Camping World cut McGee's pay, from 2.5% to 1.75%.  Randy McGath ("McGath")(approximately 50 years old), another Sales Manager at Richmond, was given a pay *increase* to 1.75%.

20.     Throughout McGee's employment at Richmond, employees, including Halcomb, made frequent, "jokes" about McGee's disability, including but not limited to, remarks like "Hop on over here, so I can talk to you[,]" "Denny's going to get a job at IHOP[,]" and "Denny's got a 'leg up' on the competition."

21.     Executive REgional Vice President Todd Nuttall, in his thirties, stated that he wanted to hire younger people

22.     On June 3, 2016, McGee was told to meet with Halcomb.  Halcomb informed McGee that he was being terminated "because his numbers were down."  However, at the time Holcomb made that statement, McGee's numbers were actually *higher* than McGath's numbers, on every metric available.

## V.  LEGAL ALLEGATIONS

### Count 1: Disability Discrimination in Violation of the ADA

23.     McGee incorporates the allegations in rhetorical paragraphs one (1) through ) of his Complaint by reference.

24.     McGee's missing left leg constitutes a disability, as that term is defined by the ADA.

25.     Camping World discriminated against McGee on the basis of disability, subjecting him to terms and conditions of employment that are less favorable than those to which employees who are not disabled, or who are not perceived as disabled, are subjected, by, *inter alia*, holding sales meetings on the second floor, which was inaccessible to McGee due to the lack of an elevator; by refusing to install an elevator (in violation of the ADA); by  installing a permanently-mounted,

unoccupied desk in the entrance to the Sales Office; by reducing McGee's pay to the same level as a non-disabled, but substantially less-well-qualified employee; and, ultimately, by terminating McGee due to his handicap; Camping World discriminated against McGee on the basis of his handicap,

26.     Camping World's actions, together with the disparaging and hostile remarks about his missing leg to which McGee was exposed, created a hostile work environment based on McGee's disability, in further violation of the ADA.

27.     Camping World's unlawful and discriminatory actions were intentional, willful, and/or taken in reckless disregard for McGee's rights under the ADA, and therefore, Camping World acted in bad faith.

28.     As a direct and proximate result of Camping World's unlawful and discriminatory actions, McGee suffered, and continues to suffer, damages including but not limited to loss of income and benefits, embarrassment, humiliation, damage to his personal and professional reputation, and emotional distress.

### Count 2: Discrimination (Disparate Treatment) Based on Age

29.     McGee incorporates the allegations in rhetorical paragraphs one (1) through ) of his Complaint as though set forth herein.

30.     McGee was subjected to discrimination on the basis of his age when his salary was reduced to the same level as McGrath, a similarly-situated younger employee.

31.     The reasons given by Camping World for McGee''s termination are pretextual in nature.

32.     Camping World's actions were intentional, willful, and in reckless disregard for McGee's rights under the ADEA, and therefore Camping World acted in bad faith.

33.     As a direct and proximate result of Camping World's unlawful actions, McGee suffered, and continues to suffer, harm, including but not limited to the loss of income and benefits, emotional distress, embarrassment, and damage to his personal and professional reputation.

## VI. RELIEF

**WHEREFORE,** McGee respectfully prays that the Court find in his favor and provide the following relief:

34.     That Camping World be ordered to reinstate McGee to the position he would have held, absent Camping World's unlawful and discriminatory actions, or pay McGee front pay in lieu thereof;

35.     That Camping World be ordered to pay McGee's lost wages and benefits incurred as a result of Camping World's unlawful and discriminatory actions;

36.     That Camping World be ordered to pay to McGee appropriate compensatory and punitive damages for its violations of the ADA;

37.     That Camping World be ordered to pay McGee liquidated damages for its bad faith violation of the ADEA;

38.     That Camping World be ordered to pay prejudgment and postjudgment interest on all sums recoverable;

39.     That Camping World be ordered to pay McGee's reasonable attorney fees and costs; and

40.     That Camping World be ordered to provide McGee with all other relief that is just and proper.

## VII. DEMAND FOR TRIAL BY JURY

The Plaintiff, Dennis McGee, by counsel, requests a trial by jury on all issues so triable.

Respectfully submitted,

  s/  *Jay Meisenhelder*  
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite B20
Indianapolis, IN  46214
Office Telephone:      317/231-5193
Facsimile Number:    317/982-5463
Email Address:          jaym@ecrls.com